AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 2:20-mj-00085
)
FRANKIE D. MCNEAL )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Southern_____ District of _____West Virginia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) & 924(a)(2) | Felon in Possession of a Firearm |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Det. Jonathan J. Weaver - TFO ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: July 7, 2020

_____
*Judge's signature*

City and state: Charleston, West Virginia         Dwane L. Tinsley, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

| | |
|---|---|
| **In the matter of the search of** ) | Case No. <u>2:20-mj-00085</u> |
| ) | |
| **Frankie D. McNeal** ) | |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Detective Jonathan J. Weaver, being first duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am currently employed with the Charleston Police Department ("CPD") and have been so for over seven years. I am currently assigned to the Criminal Investigation Division where I am charged with investigating all major crimes including, but not limited to, homicides, shootings, robberies, sexual assaults, and missing persons., I am further assigned as a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). My duties with the ATF include investigating the illegal use, possession, sale, purchase and theft of firearms.

2. I make this affidavit in support of an application for a search warrant for the person of Frankie McNeal, who is the target of the instant investigation. A written description of Frankie McNeal is set forth in Attachment A, and incorporated herein. Your affiant is investigating Frankie McNeal for a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), that is, being a felon in possession of a firearm.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, and witnesses. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not

included every fact known to me concerning this investigation. I have set forth only the facts necessary to establish probable cause that evidence and instrumentalities of a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), will be found during the requested search.

### STATUTORY AUTHORITY

5. This investigation concerns alleged violations of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), relating to being a felon in possession of a firearm.

   a. Title 18 U.S.C. § 922(g)(1) prohibits a person from knowingly possessing a firearm if they fall within a specific class of persons, specifically, if they have been previously convicted of a crime punishable by imprisonment for a term exceeding one year, and providing the individual knew they were a felon, and where the possession of the firearm was in or affecting interstate commerce.

### PROBABLE CAUSE

6. On or about October 14, 2019, at approximately 1:25 a.m., CPD officers responded to The Empty Glass, a bar located at 410 Elizabeth St. Charleston, West Virginia, in reference to a domestic disturbance. Responding officers were advised that the suspect was a black male with short hair and wearing a red jacket. Officers were also advised that he was known to carry a gun. While still en route to the scene, officers were updated that the suspect was named Frankie D. McNeal and that threats involving a gun had been made. Upon officers' arrival at The Empty Glass, Patrolman N. A. Stone observed an individual matching the suspect's description behind some dumpsters in a small alley next to the bar. The individual appeared visibly intoxicated to officers when they confronted him. This individual was identified as FRANKIE D. MCNEAL ("MCNEAL") by his West Virginia identification card found in his wallet.

7. After locating MCNEAL, officers entered the bar and located the victim of the incident, "M.F." Officers determined that M.F. was MCNEAL's ex-girlfriend. During the course of the investigation, officers learned that MCNEAL had attempted to speak with M.F. and became

angry when she ignored him. MCNEAL struck M.F. in the face with a closed fist, knocking her to the ground. He then struck her several more times before being stopped by bystanders. At this point, MCNEAL exited the bar.

8. While officers were inside the bar speaking with M.F., officers outside the bar noticed a white Ford Fusion with a damaged windshield. Upon closer inspection, officers determined that the damage appeared to be bullet holes. Officers observed broken glass on the hood of the vehicle as well as a fired cartridge case and what appeared to be blood on the driver seat. Officers also observed fresh lacerations on MCNEAL's right hand. A check of the vehicle's registration revealed that it was registered to M.F., who told officers that the vehicle was not damaged when she arrived at the bar.

9. Officers then searched the area where MCNEAL was originally seen and located a Glock 19, 9mm pistol laying on top of trash in the dumpster. This pistol was loaded with an extended magazine and a round in the chamber. The pistol also had blood on it. At this time, MCNEAL was placed under arrest for domestic battery. A criminal history check revealed that MCNEAL was convicted on or about September 17, 2012, in Kanawha County, West Virginia, of First Degree Robbery in case number 12-F-72, in violation of West Virginia Code 61-2-12(a). Therefore, MCNEAL was also arrested for being a prohibited person in possession of a firearm.

10. The following day, officers executed a search warrant on M.F.'s vehicle. During the search, a fired 9mm cartridge case was recovered along with a bullet fragment and a men's shirt. Detectives also took swabs of the blood on the driver seat.

11. The Glock 19 recovered from the crime scene was test-fired by CPD Detective A. T. Kuhner and found to be fully functional. Additionally, cartridge cases from the test-fire were submitted to the National Integrative Ballistic Information Network ("NIBIN") along with the

fired cartridge case from the crime scene. NIBIN determined that the fired cartridge case from the vehicle was fired by the recovered pistol. Det. Kuhner also processed the pistol for forensic evidence. This forensic evidence was submitted to the West Virginia State Police Laboratory for analysis.

12. As a TFO with ATF, I know that the firearm in this incident, the Glock 19 pistol, was not manufactured within the State of West Virginia and, therefore, traveled in interstate commerce.

13. Det. Kuhner also processed the Glock 19 for forensic evidence. This forensic evidence was submitted to the West Virginia State Police Laboratory for analysis. On October 17, 2019, the West Virginia State Police Laboratory issued a report stating that the latent print recovered from the pistol was not of comparison value.

14. On or about October 17, 2019, TFO Weaver canvassed the area of the crime scene for surveillance video. TFO Weaver was successful in obtaining video from a neighboring restaurant, The Bluegrass Kitchen. This video showed MCNEAL with a gun in his right hand striking the driver-side front window of M.F.'s white Ford Fusion in an apparent attempt to break the glass. After failing to break the glass, MCNEAL entered the vehicle and fired one round through the windshield. The glass of the windshield visibly exploded outward on the video. MCNEAL then appeared to strike the windshield from inside the vehicle with the muzzle of the firearm several times. MCNEAL then exited the vehicle and ran northward on Elizabeth Street. MCNEAL remained in the area and eventually entered the alley where he was located by officers upon their arrival.

15. On March 6, 2020, an additional report was issued by the West Virginia State Police Laboratory. The reported indicated that DNA evidence had been located on the Glock pistol

4

believed to have been possessed by MCNEAL. This report also requested that a known DNA sample from MCNEAL be obtained and submitted in further analysis to continue.

16. On March 30, 2020, a report was received from the West Virginia State Police Laboratory that confirmed the NIBIN hit and stated that the recovered Glock pistol fired the cartridge case located inside M.F.'s vehicle.

17. On June 18, 2020, your affiant learned that the Combined DNA Index System ("CODIS") made a preliminary association between a West Virginia Forensic Laboratory specimen, containing a sample of blood recovered from the grip of the Glock 19 and FRANKIE D. MCNEAL'S DNA sample from the West Virginia State DNA Database. CODIS reexamined the DNA Database sample belonging to MCNEAL and confirmed the match. The next step in confirming this match will be for your affiant to obtain a known biological specimen from FRANKIE D. MCNEAL and to submit it to the West Virginia State Police Forensic Lab for the final step in the confirmation process.

## CONCLUSION

19. Based on the foregoing, I respectfully request a search warrant to obtain DNA by means of buccal swabbing from the mouth of FRANKIE D. MCNEAL for the purpose of determining his possession of the above mentioned firearm.

20. FRANKIE D. MCNEAL is currently housed at **South Central Regional Jail** located at **1001 Centre Way, Charleston, WV 25309**.

Further your affiant sayeth naught.

Respectfully submitted,

*[signature]*
DET. JONATHAN J. WEAVER
TASK FORCE OFFICER
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, and EXPLOSIVES

Subscribed and sworn to before me this 7th day of July, 2020

*[signature]*
HON. DWANE L. TINSLEY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

## ATTACHMENT A
## DISCRIPTION OF PERSON TO BE SEARCHED

The PERSON to be searched is **Frankie D. MCNEAL**, who is currently detained at South Central Regional Jail, 1001 Centre Way, Charleston, WV 25309. MCNEAL is approximately 5'7" to 5'8" and weighs approximately 170 pounds. He is approximately 25 years old. Two photos of MCNEAL are attached below.




## **ATTACHMENT B**

## **LIST OF ITEMS TO BE SEIZED**

1. Buccal swabs/DNA sample from the body of **Frankie D. MCNEAL**, identified in Attachment A.